**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CASE NO. 21-cr-52-2 (TJK)** |
| v. | : | |
| | : | |
| **WILLIAM PEPE,** | : | |
| Defendant. | : | |

## JOINT PRETRIAL STATEMENT

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, and Defendant William Pepe, by and through his attorney, William Shipley, file this joint pretrial statement, in accordance with the Court's Scheduling order. ECF No. 143.

### I.      Joint Statement of the Case

The United States has accused William Pepe of seven federal crimes related to his conduct in and around the United States Capitol on January 6, 2021. Under Count One, Pepe is accused of obstructing law enforcement during a civil disorder. Under Count Three, Pepe is accused of entering or remaining in a restricted building or grounds. Under Count Four, Pepe is accused of disorderly or disruptive conduct in a restricted building or grounds. Under Count Five, Pepe is accused of altering, destroying, mutilating, or concealing a record, document, or other object, or attempting to do so, with the intent to impair the object's integrity or availability for use in an official proceeding, specifically, the grand jury investigation into the attack on the Capitol on January 6, 2021, and the federal criminal prosecution of Pepe in the United States District Court for the District of Columbia. Pepe has pleaded not guilty to each charge, and he is presumed innocent of each of these charges.

### II.      Anticipated Length of Trial

The Government anticipates that its case-in-chief will last a maximum of two days. The Government does not know if there will be a defense case and, if so, its approximate length.

1

### III.    Outstanding Motions

    a.   Government's Omnibus Motion in Limine. ECF No. 150. Defendant filed a Notice of No Opposition to the Government's Omnibus Motion in Limine. ECF No. 153.

    b.   Defendant's Motion to Dismiss Count One. ECF No. 151. The Government filed a response and Pepe has filed a reply. ECF Nos. 152 and 154. However, this motion is moot, because the Government is no longer proceeding on Count Two, 18 U.S.C. §§ 1512(c)(2), 2.

### IV.    Proposed Voir Dire Questions

Voir dire questions are not applicable to this matter, as Defendant has signed a waiver of his right to a jury trial. ECF No. 147.

### V.    Proposed Offense Instructions

See Attachment 1.

### VI.    Expert Witnesses

The Government will call FBI's Senior Digital Forensic Examiner Jennifer Kathryn Cain.

### VII.    Prior Convictions

The Government is aware that Defendant has one prior conviction, a 2010 New York State conviction for Driving Under the Influence. This is not a felony or a crime of dishonesty, and the Government will not use it to impeach the defendant unless his testimony makes it relevant.

### VIII.    Exhibit List

See Attachment 2. The defense does not have any objections to the Government's exhibits. There are no defense exhibits.

IX.    **Stipulations**

The Government and Defendant have agreed to stipulations (Gov. Exs. 701-708) regarding the following:

      a.  Restricted area on U.S. Capitol building and grounds

      b.  Certification of the Electoral College vote

      c.  Authenticity of USCP CCTV footage

      d.  Testimony of USSS Inspector Lanelle Hawa from *United States v. Nordean et al*, 21-cr-175 (TJK)

      e.  Authenticity of open-source media

      f.  Economic impact on Safeway stores

      g.  UTC to EST conversion

X.    **Requests for Judicial Notice**

The Government is not seeking that the Court take judicial notice on any matters.

XI.    **Lesser-Included Offenses**

The Government is not seeking instruction on any lesser-included offenses.

XII.    **Proposed Verdict Form**

See Attachment 3.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:    */s/ Brian D. Brady*
BRIAN D. BRADY
D.C. Bar Number 1674360
Trial Attorney
U.S. Department of Justice, Crim. Div.
Detailed to the D.C. U.S. Attorney's Office
601 D St. NW
Washington, D.C. 20530
BBrady@usa.doj.gov
(202) 834-1916


*/s/ Carolina Nevin*
CAROLINA NEVIN
Assistant United States Attorney
601 D Street NW
Washington, D.C. 20530
NY Bar No. 5226121
(202) 803-1612
Carolina.Nevin@usdoj.gov


*/s/ William L. Shipley, Jr.*
William L. Shipley, Jr., Esq.
PO Box 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com
*Attorney for Defendant*

4

**ATTACHMENT 1**
**PROPOSED OFFENSE INSTRUCTIONS**

**COUNT ONE: 18 U.S.C. §§ 231(a)(3), 2 – Obstruction of Law Enforcement During Civil Disorder and Aiding and Abetting[1]**

Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant knowingly committed or attempted to commit an act with the intended purpose of obstructing, impeding, or interfering with one or more law enforcement officers.

Second, at the time of the defendant's actual or attempted act, the law enforcement officers were engaged in the lawful performance of their official duties incident to and during a civil disorder.

Third, the civil disorder in any way or degree obstructed, delayed, or adversely affected commerce or the movement of any article or commodity in commerce, or the conduct or performance of any federally protected function.

Definitions

The term "civil disorder" means any public disturbance involving acts of violence by groups of three or more persons, which (a) causes an immediate danger of injury to another individual, (b) causes an immediate danger of damage to another individual's property, (c) results in injury to another individual, or (d) results in damage to another individual's property.

---

[1] 18 U.S.C. § 231(a)(3).

1

The term "commerce" means commerce or travel between one state, including the District of Columbia, and any other state, including the District of Columbia. It also means commerce wholly within the District of Columbia.

The term "federally protected function" means any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer or employee thereof.[2]

The term "department" includes one of the departments of the executive branch (such as the Department of Homeland Security, which includes the United States Secret Service) or the legislative branch. The term "agency" includes any department, independent establishment, commission, administration, authority, board, or bureau of the United States.

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did, said, or perceived.[3]

---

[2] *See* 18 U.S.C. § 232(3).

[3] *See* The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit §§ 1512 & 1515(a)(1); *see also Arthur Andersen LLP v. United States*, 544 U.S. 696, 705 (2005); *United States v. Carpenter*, 21-cr-305 (JEB) (ECF No. 97 at 11) (including instruction that the evidence to be considered includes "what [the defendant] did, said, or perceived"); *United States v. Kelly*, 21-cr-708 (RCL) (ECF No. 101 at 9) (same); *United States v. Fellows*, 21-cr-83 (TNM) (ECF No. 140 at 26) (same); *United States v. Gunby*, 21-cr-626 (PLF) (ECF No. 57 at 7 (holding, in a January 6 case charging offenses under 18 U.S.C. § 1752 and 40 U.S.C. § 5104, that "what [the defendant] witnessed is directly relevant to his knowledge and intent") (citing *United States v. Griffith*, 21-cr-244, 2023 WL 2043223, at *3 (D.D.C. Feb. 16, 2023) and *United States v. Rhine*, 21-cr-687, 2023 WL 2072450, at *7 (D.D.C. Feb. 17, 2023)).

**COUNT THREE: 18 U.S.C. § 1752(a)(l) – Entering and Remaining in a Restricted Building or Grounds[4]**

<u>Elements</u>

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

> First, the defendant entered or remained in a restricted building or grounds without lawful authority to do so.

> Second, the defendant did so knowingly.[5]

---

[4] 18 U.S.C. §§ 1752.

[5] The Government takes the position that Section 1752 requires proof that the defendant knew he or she acted in a restricted building or grounds without lawful authority, but does not require proof that the defendant knew the reason the area was restricted due to the presence of a U.S. Secret Service protectee. *United States v. Carnell et al.*, 23-cr-139 (BAH) (Memorandum Opinion, Feb. 15, 2024, ECF No. 98 at 10-12). "Under Section 1752, the USSS-protectee requirement in a part of the definitional subsection has no bearing on the "wrongfulness [or] innocence" of the conduct, and proof of knowledge of the USSS-protectee requirement is accordingly not required." *Id.* at 31. Several other courts in this district have similarly held that knowledge of the reason the area was restricted is not required. *See* Trial Tr. at 1199–1200, *United States v. Vo*, No. 21-cr-509 (TSC), ECF No. 130 (D.D.C. Sept. 22, 2023) (Chutkan, J.); Trial Tr. at 8, *United States v. Eicher*, No. 22-cr-38 (BAH) (D.DC. June 14, 2023) (Howell, J.); Mem. Court's Responses to Jury Questions at 4, *United States v. Rhine*, No. 21-cr-687 (RC), ECF No. 104 (D.D.C. Apr. 24, 2023) (Contreras, J.); Trial Tr. at 330–32, *United States v. Griffin*, No. 21-cr-92 (TNM), ECF No. 106 (D.D.C. Mar. 22, 2022) (McFadden, J.). To be sure, some courts in this district have come to the opposite conclusion, but those opinions did not analyze the jurisdictional aspect of the statute and came to the wrong result. *See* Verdict Tr. at 4, *United States v. Samsel*, No. 21-cr-537 (JMC) (D.D.C. Feb. 2, 2024) (Cobb, J.); *United States v. Groseclose*, No. 21-cr-311 (CRC), 2024 WL 68248, at *9 (D.D.C. Jan. 5, 2024) (Cooper, J.); *United States, v. Elizalde*, No. 23-cr-170 (CJN), 2023 WL 8354932, at *7 (D.D.C. Dec. 1, 2023) (Nichols, J.); *United States v. Hostetter*, No. 21-cr-392 (RCL), 2023 WL 4539842, at *4 (D.D.C. July 13, 2023) (Lamberth, J.).

The defense takes the position that Section 1752 requires that the Government must prove that the defendant knew that he had entered or remained in what he knew to be a restricted building or grounds and that he knew that he did not have lawful authority to enter that area. It is insufficient for the Government to prove that the defendant merely knew that the area he entered or remained in was restricted in the colloquial sense. The Government must instead prove that (A) the defendant knew that the area was posted, cordoned off, or otherwise restricted, and (B) the defendant knew that the Vice President or the Vice President's immediate family was or would be temporarily visiting the area.

<u>Definitions</u>

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting.

The term "person protected by the Secret Service" includes the Vice President and the immediate family of the Vice President.

The term "knowingly" has the same meaning described in the instructions for Count One.

**COUNT FOUR: 18 U.S.C. § 1752(a)(2) – Disorderly and Disruptive Conduct in a Restricted Building or Grounds and Aiding and Abetting[6]**

Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds.

Second, the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.

Third, the defendant's conduct occurred when, or so that, his conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

Definitions

"Disorderly conduct" is conduct that tends to disturb the public peace or undermine public safety.[7] Disorderly conduct includes when a person acts in such a manner as to cause another person to be in reasonable fear that a person or property in a person's immediate possession is likely to be harmed or taken, uses words likely to produce violence on the part of others, or is unreasonably loud and disruptive under the circumstances.[8]

"Disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course

---

[6] 18 U.S.C. § 1752.

[7] *United States v. Grider*, 21-cr-22 (CKK) (ECF No. 150 at 24) ("'[D]isorderly' conduct is that which 'tends to disturb the public peace, offend public morals, or undermine public safety.' 'Disorderly,' *Black's Law Dictionary* (9th ed. 2009); *see also* 'Disorderly,' *Oxford English Dictionary* (2nd ed. 1989) ('Not according to order or rule; in a lawless or unruly way; tumultuously, riotously.')").

[8] *United States v. Schwartz, et al,*, 21-cr-178 (APM) (ECF No. 172 at 27); *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 32); *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 237-38).

of a process.[9]

The term "restricted building or grounds" has the same meaning described in the instructions for Count Three.

The term "knowingly" has the same meaning described in the instructions for Count One.

---

[9] Redbook 6.643.

**COUNT FIVE: 18 U.S.C. § 1512(c)(1) – Tampering with Records, Documents, or Other Objects[10]**

<u>Elements</u>

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

> First, the defendant altered, destroyed, mutilated, or concealed, a record, document, or other object, or attempted to do so.

> Second, the defendant acted knowingly.

> Third, the defendant acted corruptly.

> Fourth, the defendant acted with the intent to impair the object's integrity or availability for use in an official proceeding.

<u>Definitions</u>

The term "knowingly" has the same meaning described in the instructions for Count One.

There are multiple ways to prove that a defendant acted corruptly.[11] The defendant may use independently unlawful means or act with an unlawful purpose, or both, and act with consciousness of wrongdoing.[12] Consciousness of wrongdoing" means with an understanding or awareness that what the person is doing is wrong or unlawful. Or a defendant may act

---

[10] Adapted from the Seventh Circuit Pattern Criminal Jury Instructions.

[11] *United States v. Robertson*, 86 F.4th 355, 373 n.8 (D.C. Cir. 2023).

[12] In *Robertson*, the district court adopted a jury instruction that largely mirrored this proposed definition of "corruptly." 86 F. 4th at 362. On appeal, the D.C. Circuit stated: "[T]he district court correctly informed the jury that it could find that Robertson acted 'corruptly' if the government proved that he 'use[d] [independently] unlawful means' when he obstructed, impeded, or influenced the Electoral College vote certification. . . . Defining 'corruptly' as 'wrongfully' — and treating independently unlawful conduct as 'wrongful' — provides an objective measure of culpable conduct that is straightforward to apply: A court or a jury can easily determine whether the evidence shows that a defendant took unlawful action to obstruct, impede, or influence the proceeding." *Id.* at 369.

dishonestly.[13] Another way of acting corruptly involves acting with the intent to secure an unlawful

advantage or benefit either for oneself or for another person, such as preventing negative testimony

at a trial.[14]

       Not all attempts to obstruct or impede an official proceeding involve acting corruptly. For

example, a witness in a court proceeding may refuse to testify by invoking his or her constitutional

privilege against self-incrimination, thereby obstructing or impeding the proceeding, but that

person does not act corruptly. In contrast, an individual who obstructs or impedes a court

proceeding by bribing a witness to refuse to testify in that proceeding, or by engaging in other

independently unlawful conduct, does act corruptly.[15]

       While the defendant must act with intent to obstruct the official proceeding, this need not

---

[13] *Robertson,* 86 F.4th at 374.

[14] "[T]here are many ways to prove 'corruptly[,]'" *Robertson*, 86 F.4th at 373 n.8; this is merely one way. *See id.* at 374 ("Acting 'dishonestly' would be consistent with the ordinary meaning of acting 'corruptly.' . . . Likewise, a defendant's obstructive conduct may often seek to secure an unlawful benefit for himself or another, such as preventing negative testimony at a trial."). This formulation, which *Robertson* found was not required but which incorporates aspects of the lead and concurring opinions in *United States v. Fischer*, 64 F.4th 329, 340 (D.C. Cir. 2023) (opinion of Pan, J.), *reversed on other grounds,* 144 S. Ct. 2176 (2024); *id.* at 352 (Walker, J., concurring), was provided in *United States v. Nordean, et al*, 21-cr-175 (TJK) (ECF No. 767 at 31-32), *United States v. Kelly*, 21-cr-708 (RCL) (ECF No. 101 at 10), *United States v. Thomas*, 21-cr-552 (DLF) (ECF No. 150 at 24), *United States v. Fellows*, 21-cr-83 (TNM) (ECF No. 140 at 27), and *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 28).

[15] The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit; *Arthur Andersen LLP v. United States*, 544 U.S. 696, 706 (2005); *United States v. Fischer*, 64 F.4th 329, 340 (D.C. Cir. 2023) (opinion of Pan, J.), *overruled on other grounds,* , No. 23-5572, 2023 WL 8605748 (U.S. Dec. 13, 2023); *United States v. Gordon*, 710 F.3d 1124, 1151 (10th Cir. 2013); *United States v. Friske*, 640 F.3d 1288, 1291 (11th Cir. 2011); *United States v. Watters*, 717 F.3d 733, 735 (9th Cir. 2013); *United States v. North*, 910 F.2d 843, 883 (D.C. Cir. 1990), *withdrawn and superseded in part by United States v. North*, 920 F.2d 940 (D.C. Cir. 1990); *United States v. Sandlin*, 575 F. Supp. 3d 16, 32 (D.D.C. 2021); *United States v. Caldwell*, 581 F. Supp. 3d 1, 19-20 (D.D.C. 2021); *United States v. Mostofsky*, 579 F. Supp. 3d 9, 26 (D.D.C. 2021); *United States v. Montgomery*, 578 F. Supp. 3d 54, 82 (D.D.C. 2021); *United States v. Lonich*, 23 F.4th 881, 902-03 (9th Cir. 2022). For other January 6 trials that have used similar instructions, see*, e.g.*, *United States v. Williams*, 21-cr-377 (BAH) (ECF No. 112 at 7), *United States v. Reffitt*, 21-cr-32 (DLF) (ECF No. 119 at 25-29), and *United States v. Kelly*, 21-cr-708 (RCL) (ECF No. 101 at 10).

be their sole purpose. A defendant's unlawful intent to obstruct an official proceeding is not negated by the simultaneous presence of another purpose for their conduct.[16]

The term "official proceeding" includes a grand jury proceeding. If the official proceeding was not pending at the time of the offense, the government must prove beyond a reasonable doubt that the official proceeding was reasonably foreseeable to the defendant. As used in Count Five, the term "official proceeding" means the grand jury's investigation into the attack on the United States Capitol on January 6, 2021, and the federal criminal prosecution of the defendant in the United States District Court for the District of Columbia.

While the defendant must act with intent to obstruct the official proceeding, this need not be the defendant's sole purpose. A defendant's unlawful intent to obstruct justice is not negated by the simultaneous presence of another purpose for the defendant's conduct.

---

[16] *United States v. Carpenter*, 21-cr-305 (JEB) (ECF No. 97 at 11); *United States v. Kelly*, 21-cr-708 (RCL) (ECF No. 101 at 10); *United States v. Fellows*, 21-cr-83 (TNM) (ECF No. 140 at 27); *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 29).

## ATTEMPT[17]

In Counts One and Five, the defendant is also charged with attempt to obstruct officers during a civil disorder and attempt to tamper with records, documents, or other objects. An attempt to commit these crimes is a crime even if the defendant did not actually complete the crime.

In order to find the defendant guilty of attempt to commit these crimes, you must find that the government proved beyond a reasonable doubt each of the following elements:

First, that the defendant intended to commit the crimes of obstructing officers during a civil disorder and tampering with records, documents, or other objects.

Second, that the defendant took a substantial step toward committing the crimes of obstructing officers during a civil disorder and tampering with records, documents, or other objects, which strongly corroborates or confirms that the defendant intended to commit those crimes.

With respect to the first element of attempt, you may not find the defendant guilty of attempt to commit the crimes of obstructing officers during a civil disorder and tampering with records, documents, or other objects merely because the defendant thought about it. You must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond the stage of thinking about the crime to actually intending to commit it.

With respect to the substantial step element, you may not find the defendant guilty of attempt to commit the crimes of obstructing officers during a civil disorder and tampering with records, documents, or other objects merely because the defendant made some plans to or some preparation for committing that crime. Instead, you must find that the defendant took some firm,

---

[17] Redbook 7.101; The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit § 4.09; Third Circuit Pattern Jury Instructions 7.01. *See United States v. Fellows*, 21-cr-83 (TNM) (ECF No. 140 at 28); *United States v. McAbee*, 21-cr-35 (RC) (ECF No. 376, at 30-32).

clear, undeniable action to accomplish his intent to commit the crimes of obstructing officers during a civil disorder, and tampering with records, documents, or other objects. However, the substantial step element does not require the government to prove that the defendant did everything except the last act necessary to complete the crimes.

**

## AIDING AND ABETTING[18]

In this case, the government further alleges that the defendant committed the crimes of obstructing officers during a civil disorder, as charged in Count One, and disorderly and disruptive conduct in a restricted building or grounds, as charged in Count Four, by aiding and abetting others in committing this offense. This is not a separate offense but merely another way in which the government alleges that the defendant committed the offenses in Counts One and Four.

A person may be guilty of an offense if he aided and abetted another person in committing the offense. A person who has aided and abetted another person in committing an offense is often called an accomplice. The person whom the accomplice aids and abets is known as the principal. It is not necessary that all the people who committed the crime be caught or identified. It is sufficient if you find beyond a reasonable doubt that the crime was committed by someone and that the defendant knowingly and intentionally aided and abetted that person in committing the crime.

In order to find the defendant guilty of obstructing officers during a civil disorder or disorderly and disruptive conduct in a restricted building or grounds because the defendant aided and abetted others in committing this offense, you must find that the government proved beyond

---

[18] 18 U.S.C. § 2(a); Third Circuit Model Jury Instructions 7.02. *See United States v. Fellows*, 21-cr-83 (TNM) (ECF No. 140 at 29-31); *United States v. McAbee*, 21-cr-35 (RC) (ECF No. 376, at 21-25).

a reasonable doubt the following elements:

> First, that others committed obstructing officers during a civil disorder or disorderly and disruptive conduct in a restricted building or grounds by committing each of the elements of the offense charged.

> Second, that the defendant knew that obstructing officers during a civil disorder or disorderly and disruptive conduct in a restricted building or grounds was going to be committed or was being committed by others.

> Third, that the defendant performed an act or acts in furtherance of the offense.

> Fourth, that the defendant knowingly performed that act or acts for the purpose of aiding, assisting, soliciting, facilitating, or encouraging others in committing the offense of obstructing officers during a civil disorder or disorderly and disruptive conduct in a restricted building or grounds.

> Fifth, that the defendant did that act or acts with the intent that others commit the offense of obstructing officers during a civil disorder or disorderly and disruptive conduct in a restricted building or grounds.

To show that the defendant performed an act or acts in furtherance of the offense charged, the government must prove some affirmative participation by the defendant which at least encouraged others to commit the offense. That is, you must find that the defendant's act or acts did, in some way, aid, assist, facilitate, or encourage others to commit the offense. The defendant's act or acts need not further aid, assist, facilitate, or encourage every part or phase of the offense charged; it is enough if the defendant's act or acts further aided, assisted, facilitated, or encouraged only one or some parts or phases of the offense. Also, the defendant's acts need not themselves be against the law.

In deciding whether the defendant had the required knowledge and intent to satisfy the fourth requirement for aiding and abetting, you may consider both direct and circumstantial evidence, including the defendant's words and actions and other facts and circumstances. However, evidence that the defendant merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offense is not enough for you to find the defendant guilty as an aider and abettor. If the evidence shows that the defendant knew that the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that it was the defendant's intent and purpose to aid, assist, encourage, facilitate, or otherwise associate the defendant with the offense, you may not find the defendant guilty of obstructing officers during a civil disorder as an aider and abettor. The government must prove beyond a reasonable doubt that the defendant in some way participated in the offense committed by others as something the defendant wished to bring about and to make succeed.

**

A defendant may be found guilty of the offense charged in Count One if the defendant obstructed officers during a civil disorder; if the defendant attempted to obstruct officers during a civil disorder; or aided and abetted in obstructing officers during a civil disorder. If you find beyond a reasonable doubt that the defendant committed the offenses of obstructing officers during a civil disorder in any one of these three ways, you should find the defendant guilty of Count One, and you need not consider whether the defendant committed the offense of obstructing officers during a civil disorder in the other two ways.

A defendant may be found guilty of the offense charged in Count Four if the defendant was disorderly and disruptive conduct in a restricted building or grounds, or if the defendant aided and

abetted in disorderly and disruptive conduct in a restricted building or grounds. If you find beyond a reasonable doubt that the defendant committed the offense of disorderly and disruptive conduct in a restricted building or grounds in either one of these ways, you should find the defendant guilty of Count Four, and you need not consider whether the defendant committed the offense of disorderly and disruptive conduct in a restricted building or grounds in the other way.

A defendant may be found guilty of the offense charged in Count Five if the defendant tampered with records, documents, or other objects, or attempted to tamper with records, documents, or other objects. If you find beyond a reasonable doubt that the defendant committed the offense of tampering with records, documents, or other objects in either one of these ways, you should find the defendant guilty of Count Five, and you need not consider whether the defendant committed the offense of tampering with records, documents, or other objects in the other way.

**ATTACHMENT 2**

| | |
|---|---|
| Government | ☐ |
| Plaintiff | ☐ |
| Defendant | ☐ |
| Joint | ☐ |
| **Court** | ☐ |

UNITED STATES OF AMERICA

VS.

Civil/Criminal No.   21-CR-052-2 (TJK)

WILLIAM JOSEPH PEPE

| EXHIBIT NUMBER | DESCRIPTION OF EXHIBIT | MARKED FOR I.D. | RECEIVED IN EVIDENCE | WITNESS | EXHIBITS SENT TO JURY (date & time) |
|---|---|---|---|---|---|
|  | **100 Series:** **United States Capitol CCTV** | | | | |
| 101 | Map of Pepe's Movements on January 6, 2021 | | | | |
| 102.1 | CCTV of Beyond Scaffolding of Outdoor Northwest Staircase | | | | |
| 102.2 | CCTV Southwest Doors | | | | |
| 102.3 | CCTV of Senate Carriage Door | | | | |
| 102.4 | CCTV of Senate Carriage Door | | | | |
| 102.5 | CCTV of Crypt North | | | | |
| 102.6 | CCTV of Crypt Memorial Door Area | | | | |
| 102.7 | CCTV Rotunda South | | | | |

| EXHIBIT NUMBER | DESCRIPTION OF EXHIBIT | MARKED FOR I.D. | RECEIVED IN EVIDENCE | WITNESS | EXHIBITS SENT TO JURY (date & time) |
|---|---|---|---|---|---|
| 102.8 | CCTV Rotunda North | | | | |
| 102.9 | CCTV side-by-side of Exhibits 102.7 and 102.8 | | | | |
| 102.10 | CCTV Statutory Hall | | | | |
| 102.11 | CCTV Statuary Hall Connector to House of Representatives | | | | |
| 102.12 | CCTV Supreme Court Chamber Stairs | | | | |
| 102.13 | CCTV Southwest Door | | | | |
| 102.14 | CCTV Upper West Terrace Facing Southwest Doors | | | | |
| **200 Series: Open-Source Materials** | | | | | |
| 201.1 | Pepe at the November 14, 2020 rally (middle with American flag bandana, circled in yellow). | | | | |
| 201.2 | Pepe at the November 14, 2020 rally (far left with American flag bandana, circled in yellow). | | | | |
| 201.3 | Pepe at the November 14, 2020 rally (center with American flag bandana, circled in yellow). | | | | |

| EXHIBIT NUMBER | DESCRIPTION OF EXHIBIT | MARKED FOR I.D. | RECEIVED IN EVIDENCE | WITNESS | EXHIBITS SENT TO JURY (date & time) |
|---|---|---|---|---|---|
| 202.1 | Pepe at the December 12, 2020 Rally (bottom left, circled in yellow) | | | | |
| 202.2 | Pepe at the December 12, 2020 Rally (left, circled in yellow) | | | | |
| 203 | Proud Boys video at the Washington Monument and following the Proud Boys towards the Capitol | | | | |
| 204 | Pre-breach January 6, 2021 photo of Pepe (circled in yellow). | | | | |
| 205 | Pepe praying and marching around with the PBs | | | | |
| 206 | Pepe at the front of the mob at Peace Circle as the officers are pushed back and the mob surges through. | | | | |
| 207 | Pepe at Peace Circle rushing past the fencing and police officers | | | | |
| 208 | Pepe in mob at peace circle. | | | | |
| 209 | Pepe at Peace Circle as the fencing is being pushed back (no sound) | | | | |
| 210 | Peace Circle and shortly thereafter as it's breached. Pepe is at the front of the mob. | | | | |
| 211 | West Plaza just after peace circle; Pepe celebrating with the mob | | | | |
| 212 | West Plaza, post Peace Circle, pre-black fence breach. Pepe yelling, "Let's go! This is what we came for, yeah!." Towards the end Pepe is | | | | |

| EXHIBIT NUMBER | DESCRIPTION OF EXHIBIT | MARKED FOR I.D. | RECEIVED IN EVIDENCE | WITNESS | EXHIBITS SENT TO JURY (date & time) |
|---|---|---|---|---|---|
| | chanting USA and the camera pans away as Pepe yells, "Stand aside, stand aside," to the police officers. | | | | |
| 213 | Pepe NW stairs charge up | | | | |
| 214 | Pepe and Schmitz ascend the NW stairs | | | | |
| 215 | Pepe at the top of the NW stairs (the landing) with the police still maintaining the line. This is between 1:48 and before 2:09 pm. They then break through and Pepe helps rioters up the wall and then moves to the area near the Parliamentarian door and he's walking with a flag. | | | | |
| 215.1 | Pepe inside the Senate Spouses' Lounge | | | | |
| 216 | Pepe helping people up the wall on Upper West Terrace and celebrating with a raised fist and flag. | | | | |
| 217 | Pepe in Senate Office | | | | |
| 218.1 | JW Marriot Hallway at 22:16:24 on January 6, 2021 | | | | |
| 218.2 | JW Marriot Hallway at 22:31:02 on January 6, 2021 | | | | |
| 218.3 | JW Marriot Hallway at 23:24:13 on January 6, 2021 (Pepe circled in yellow) | | | | |
| 218.4 | JW Marriot Hallway at 23:34:48 on January 6, 2021 (Pepe circled in yellow) | | | | |

| EXHIBIT NUMBER | DESCRIPTION OF EXHIBIT | MARKED FOR I.D. | RECEIVED IN EVIDENCE | WITNESS | EXHIBITS SENT TO JURY (date & time) |
|---|---|---|---|---|---|
| 218.5 | JW Marriot Hallway at 23:34:51 on January 6, 2021 (Pepe circled in yellow) | | | | |
| **300 Series: Materials from Pepe's Cell Phone** <br><br> **Text Messages (301), Photographs (302), Videos (303), Search History (304), Calendar Entries (305), Telegram Messages (306), and Telegram Groups (307)** | | | | | |
| 301.1 | 1.6.21 Deleted text: Gonna lay low a week or two. Deleted Telegram | | | | |
| 301.2 | 1.6.21 Deleted texts with Hooks including: 1.7.21 text, Gonna go to jail or get doxed. Cleared my phone of everything. Deleted everything. | | | | |
| 301.3 | 1.6.21 Deleted texts with Joey including: "Just stormed capital I'm on the floor," "I'll be going to jail for sure," and "$1000 reward for me. Unlawful trespassing. Class A misdemeanor" and "Unlawful entry discussing statute of limitations | | | | |
| 301.4 | 1.7.21 Deleted text: In a wreck, almost died | | | | |
| 301.5 | 1.7.21 Deleted texts with Dad including: "I'm a wanted man," "Pepper stray puffed my face," "I need a gas mask next time," "I'm in the Post now (sends Post article)," "January 6, 2021 was a pretty crazy day Dad." | | | | |
| 301.6 | 1.7.21 Deleted text: "I had to delete our email until things blow over." | | | | |
| 301.7 | 1.7.21 text, "hey harry had to delete | | | | |

| EXHIBIT NUMBER | DESCRIPTION OF EXHIBIT | MARKED FOR I.D. | RECEIVED IN EVIDENCE | WITNESS | EXHIBITS SENT TO JURY (date & time) |
|---|---|---|---|---|---|
| | Telegram" | | | | |
| 302.1 | 11.17.20 Photo: Pepe in martial arts comp 1st | | | | |
| 302.2 | 11.20.20 Photo: Pepe and Enrique in Nov rally 1.7.21 | | | | |
| 302.3 | 11.2020 Photo: Pepe at Nov rally at Alex Jones speech | | | | |
| 302.4 | 11.2020 Photo: Pepe Nov rally 11.14.20 with Art and Alex Jones | | | | |
| 302.5 | 11.2020 Photo: Pepe Nov rally | | | | |
| 302.6 | 12.6.20 Photo: men of war image of pepe | | | | |
| 302.7 | 12.17.20 Photo: Pepe and Pezzola Dec rally | | | | |
| 302.8 | 12.30.20 f*** congress with noose | | | | |
| 302.9 | 12.30.20 meme of men in 2020 vs 2016 head chop off | | | | |
| 302.10 | 12.30.20 scouts and medics planning | | | | |
| 302.11 | 12.31.20 Hawley will object to electoral votes | | | | |
| 302.12 | 1.1.21 if we don't fight we wont need to vote again | | | | |

| EXHIBIT NUMBER | DESCRIPTION OF EXHIBIT | MARKED FOR I.D. | RECEIVED IN EVIDENCE | WITNESS | EXHIBITS SENT TO JURY (date & time) |
|---|---|---|---|---|---|
| 302.13 | 1.2.21 map of dc with outline and JW on it | | | | |
| 302.14 | 1.2.21 outlines the process for Jan 6 legally, that the VP is doing it, what the speaker does, breaking up into two bodies, etc | | | | |
| 302.15 | 1.3.21 create perimeter trapping congress | | | | |
| 302.16 | 1.4.21 obj to election certification | | | | |
| 302.17 | 1.4.21 Parler spaz war post | | | | |
| 302.18 | 1.5.21 VP can decertify | | | | |
| 302.19 | 1.6.21 fight for trump 1.6.21 at 9.17 am | | | | |
| 302.20 | 1.6.21 Jan 6 pic of Pepe | | | | |
| 302.21 | 1.6.21 Pence certification picture 1.6.21 at 5.45 pm | | | | |
| 302.22 | 1.6.21 Pence rejects call to overturn election 1.6.21 viewed on phone at 3:35 pm | | | | |
| 302.23 | 1.6.21 Pepe 1.6.21 at 2.23 pm overlooking western side of Capitol | | | | |
| 302.24 | 1.6.21 Pepe at 2.38 pm on 1.6.21 in the Capitol | | | | |

| EXHIBIT NUMBER | DESCRIPTION OF EXHIBIT | MARKED FOR I.D. | RECEIVED IN EVIDENCE | WITNESS | EXHIBITS SENT TO JURY (date & time) |
|---|---|---|---|---|---|
| 302.25 | 1.6.21 Pepe in spouses lounge 1.10.21 accessed date | | | | |
| 302.26 | 1.6.21 Pepe on couch in Capitol 1.7.21 accessed date | | | | |
| 302.27 | 1.6.21 Pepe phone 2.23 pm, Pepe in Capitol happy | | | | |
| 302.28 | 1.7.21 NY Post Article sent by Pepe (Ex 301.8) | | | | |
| 302.29 | 1.7.21 Image of pence certifying EC vote | | | | |
| 302.30 | 1.7.21 HVPB telegram deletion talk | | | | |
| 302.31 | 1.10.21 Trump pardon attorney | | | | |
| 302.32 | 1.11.21 Notification to Pepe from Google about service of legal process from law enforcement | | | | |
| 303.1 | Telegram video of Pepe's Jeep crash. | | | | |
| 303.2 | Telegram video of LWT (West Plaza) after Peace Circle. This is after Pepe was pepper sprayed and he has the spray all over his face. He says, "I just got fucking maced." | | | | |
| 303.3 | Telegram video of Pepe in the Rotunda. Pepe holds up the PB hand sign, and says, "Proud of your boy." | | | | |

| EXHIBIT NUMBER | DESCRIPTION OF EXHIBIT | MARKED FOR I.D. | RECEIVED IN EVIDENCE | WITNESS | EXHIBITS SENT TO JURY (date & time) |
|---|---|---|---|---|---|
| 303.4 | Pepe Telegram video he looks around pridefully with a smile and he says, "We did it." | | | | |
| 303.5 | Telegram video showing members deleting Hudson Valley Proud Boys telegram chats. | | | | |
| 303.6 | 1.1.21 Telegram J6 hype video | | | | |
| 303.7 | 1.4.21 Telegram video with Bertino delete messages with Enrique | | | | |
| 303.8 | 1.4.21 Telegram video with Bertino leave if PBs are not going in a direction you agree with | | | | |
| 303.9 | 1.5.21 Telegram video Trump clip | | | | |
| 303.10 | 1.6.21 Telegram video: Bertino telling others PBs are getting in on Jan 6 | | | | |
| 303.11 | 1.6.21 Telegram video: Bertino message 2 | | | | |
| 303.12 | 1.6.21 Telegram video: Spaz victory smoke in the Capitol | | | | |
| 304.1 | 1.10.21 Pepe's search for jaydenx (a person who recorded videos on Jan 6) | | | | |
| 305.1 | 1.7.20 VP debate calendar | | | | |
| 305.2 | 6.20.20 MAGA June 2020 rally calendar | | | | |

| EXHIBIT NUMBER | DESCRIPTION OF EXHIBIT | MARKED FOR I.D. | RECEIVED IN EVIDENCE | WITNESS | EXHIBITS SENT TO JURY (date & time) |
|---|---|---|---|---|---|
| 305.3 | 9.19.20 POYB calendar invite Sept 2020 | | | | |
| 305.4 | 9.29.20 First debate calendar | | | | |
| 305.5 | 10.15.20 Second debate calendar | | | | |
| 305.6 | 10.17.20 POYB calendar invite Oct 2020 | | | | |
| 305.7 | 10.22.20 Final debate calendar | | | | |
| 305.8 | 12.12.20 MAGA march calendar | | | | |
| 305.9 | 12.14.20 EC vote in December calendar reminder | | | | |
| 306.1a | Screen shot showing cleared messages | | | | |
| 306.1b | Telegram history cleared: Confucius2ndHVNY | | | | |
| 306.1c | Telegram history cleared:  Dipper2ndHVNY | | | | |
| 306.1d | Telegram history cleared: MartyEyeBrows1stHVNY | | | | |
| 306.1e | Telegram history cleared:  SGTBleepBloop | | | | |
| 306.2 | 12.20.20 Telegram messages from Operation DC Street Sweeper Chat: Pepe stating HVNY | | | | |

| EXHIBIT NUMBER | DESCRIPTION OF EXHIBIT | MARKED FOR I.D. | RECEIVED IN EVIDENCE | WITNESS | EXHIBITS SENT TO JURY (date & time) |
|---|---|---|---|---|---|
| | will be instructed with no colors. | | | | |
| 306.3 | 1.6.21 Telegram messages from Boots on the Ground Chat: Pepe stating he was in a bad accident still coming; Pepe acknowledging no colors from Bertino. | | | | |
| 307.1 | Telegram groups: PB HV chat | | | | |
| 307.2 | Telegram groups: PB HV Secret Service chat | | | | |
| 307.3 | Telegram groups: PB NY chat | | | | |
| 307.4 | Telegram groups: PB uncensored chat | | | | |
| | **400 Series:** **Physical Exhibits** | | | | |
| 401 | Items seized from Pepe's residence: Jacket | | | | |
| 402 | Items seized from Pepe's residence: American flag Bandana | | | | |
| 403 | Items seized from Pepe's residence: Proud Boys hat | | | | |
| 404 | Items seized from Pepe's residence: Proud Boys paraphernalia | | | | |
| 405 | Items seized from Pepe's residence: Proud Boys HVNY tag | | | | |

| EXHIBIT NUMBER | DESCRIPTION OF EXHIBIT | MARKED FOR I.D. | RECEIVED IN EVIDENCE | WITNESS | EXHIBITS SENT TO JURY (date & time) |
|---|---|---|---|---|---|
| 406 | Items seized from Pepe's residence: Proud Boys sticker | | | | |
| 407 | Pepe's Cellphone | | | | |
| 408.1 | Photo of Items seized from Pepe's residence: Jacket and American flag bandana | | | | |
| 408.2 | Photo of Items seized from Pepe's residence: American flag Bandana | | | | |
| 408.3 | Photo of Items seized from Pepe's residence: black jacket in closet | | | | |
| 408.4 | Photo of Items seized from Pepe's residence: black jacket in closet (close up) | | | | |
| 408.5 | Photo of Items seized from Pepe's residence: Proud Boys paraphernalia | | | | |
| 408.6 | Photo of Items seized from Pepe's residence: Proud Boys HVNY tag | | | | |
| 408.7 | Photo of Items seized from Pepe's residence: Proud Boys sticker | | | | |
| 408.8 | Photo of Items seized from Pepe's residence: Proud Boys hat | | | | |
| **500 Series:** **Congressional Records** | | | | | |
| 501 | Twelfth Amendment to U.S. Constitution | | | | |

| EXHIBIT NUMBER | DESCRIPTION OF EXHIBIT | MARKED FOR I.D. | RECEIVED IN EVIDENCE | WITNESS | EXHIBITS SENT TO JURY (date & time) |
|---|---|---|---|---|---|
| 502.1 | 3 U.S.C. § 15 | | | | |
| 502.2 | 3 U.S.C. § 16 | | | | |
| 502.3 | 3 U.S.C. § 17 | | | | |
| 502.4 | 3 U.S.C. § 18 | | | | |
| 503 | Congressional Record of the Senate, Wednesday, January 6, 2021 | | | | |
| 504 | Congressional Record of the House of Representatives, Wednesday, January 6, 2021 | | | | |
| 505 | Concurrent Resolution, dated January 3, 2021 | | | | |
| 506 | United States Capitol Survey Map | | | | |
| 507 | Timeline Video of Election Certification | | | | |
| 508 | Certificate of Authenticity of Congressional Videos | | | | |
| **600 Series:**<br>**United States Capitol Grounds**<br>**Maps, Diagrams, Demonstrative Aids, Miscellaneous** | | | | | |
| 601 | Capitol Riot Overview Video | | | | |

| EXHIBIT NUMBER | DESCRIPTION OF EXHIBIT | MARKED FOR I.D. | RECEIVED IN EVIDENCE | WITNESS | EXHIBITS SENT TO JURY (date & time) |
|---|---|---|---|---|---|
| 602 | LWT CCTV Time-lapse Video | | | | |
| 603 | Evacuation of VP Video | | | | |
| 604 | Head of State Notice Email | | | | |
| 605.1 | Area closed signs along outer perimeter | | | | |
| 605.2 | Mob pushing into bike racks | | | | |
| 605.3 | Downed fencing | | | | |
| 605.4 | View of Capitols outer and middle perimeters | | | | |
| 605.5 | Bike rack with area closed sign | | | | |
| 606 | DC Mayor Citywide Curfew Order | | | | |
| 607 | Business Records Certification and Safeway Business Records | | | | |
| 608 | United States Capitol Restricted Perimeter Map | | | | |
| 609 | Interior Maps of the United States Capitol Basement through Third Floor | | | | |
| **700 Series:** | | | | | |

| EXHIBIT NUMBER | DESCRIPTION OF EXHIBIT | MARKED FOR I.D. | RECEIVED IN EVIDENCE | WITNESS | EXHIBITS SENT TO JURY (date & time) |
|---|---|---|---|---|---|
| | **Stipulations** | | | | |
| 701 | Restricted Grounds | | | | |
| 702 | Certification of the Electoral College Vote | | | | |
| 703 | USCP CCTV Authenticity | | | | |
| 704 | Hawa testimony | | | | |
| 705 | Open Source Video Authenticity | | | | |
| 706 | Safeway Closure and Shipments | | | | |
| 707 | Cellphone and Telegram Authenticity (Not yet agreed to by the defense) | | | | |
| 708 | UTC time conversion to EST | | | | |

**ATTACHMENT 3**
**PROPOSED VERDICT FORM**

The fact-finder in the above-titled case finds the defendant:

**As to COUNT ONE: Civil Disorder, in violation of 18 U.S.C. § 231(a)(3):**

\_\_\_\_\_ Guilty        \_\_\_\_ Not Guilty

**As to COUNT THREE: Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1)**

\_\_\_\_\_ Guilty        \_\_\_\_ Not Guilty

**As to COUNT FOUR: Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2)**

\_\_\_\_\_ Guilty        \_\_\_\_ Not Guilty

**As to COUNT FIVE: Tampering with Records, Documents, or Other Objects, in violation of 18 U.S.C. § 1512(c)(1)**

\_\_\_\_\_ Guilty        \_\_\_\_ Not Guilty

1