UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| ) | |
| **v.** ) | Case No. 21-cr-00052-TJK |
| ) | |
| **WILLIAM PEPE** ) | |
| ) | |
| ) | |
| **Defendant** ) | |
| ) | |

**DEFENDANT WILLIAM PEPE'S MOTION TO CONTINUE
ALL MATTERS IN THIS CASE**

William L. Shipley, Jr., Esq.
PO Box 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com

*Attorney for Defendant*

Comes now Defendant William Pepe, by and through his counsel of record William L. Shipley, and respectfully moves this Court to vacate all dates and hearings in this case in the interests of justice, and to set at status conference in this matter for the week of February 2, 2025.

On Friday, November 8, 2024, the United States Department of Justice Special Counsel Jack Smith made an unopposed motion to a District Judge of this Court to "Vacate Briefing Schedule" in the matter of *United States v. Trump*, 23-cr-00257 (TSC). The entirety of that motion reads as follows:

> As a result of the election held on November 5, 2024, the defendant is expected to be certified as President-elect on January 6, 2025, and inaugurated on January 20, 2025. The Government respectfully requests that the Court vacate the remaining deadlines in the pretrial schedule to afford the Government time to assess this unprecedented circumstance and determine the appropriate course going forward consistent with Department of Justice policy. By December 2, 2024, the Government will file a status report or otherwise inform the Court of the result of its deliberations. The Government has consulted with defense counsel, who do not object to this request.

By that motion the Department of Justice has taken as an official position that the results of the November 5 election resulted in an "unprecedented circumstance" that constitutes grounds for pausing an ongoing criminal prosecution of a defendant in connection with the events of January 6, 2021.

President-Elect Donald Trump stated on multiple occasions throughout his presidential campaign in 2024 that, if elected, he intended to issue pardons, sentence commutations, order the dismissal of pending cases, and in other ways bring an end to the Department of Justice's prosecutorial endeavors regarding the events of January 6, 2021.

Given the position now taken by the Department of Justice through Special Counsel Jack Smith, directly supervised by Attorney General Merrick Garland, the Department of Justice in this case, in the *interests of justice*, should adopt the same position as it has in *United States v. Trump*, i.e., that the unique circumstances created by the outcome of the election justifies pausing all proceedings in this matter, with the parties responding back to the Court with regard to how this case should further proceed – if at all -- beginning 70 days from now, January 20, 2025.

Defendant Pepe is set to appear before this Court for a Sentencing Hearing on March 11, 2025.

A continuance would conserve the resources of the Court, the Government, and the Defendant.

For Defendant Pepe the resources that might be needlessly expended include personal financial costs incurred in traveling from New Jersey to Washington D.C., the costs of housing in connection with the sentencing hearing, and the similar kinds of costs incurred by defense counsel – most of which would be avoided by the delay requested by this motion.

For the Government, further work by counsel would be unnecessary during the period of the delay.  Moreover, the same waste of financial resources as would be incurred by the defense will also be incurred by Government counsel in terms of time and effort necessary to prepare for and be for a sentencing proceeding while there is a significant likelihood of Defendant Pepe will receive a pardon from President-Elect Trump.

The consequences of denying this motion would be formal entry of a Judgment and Conviction of the Defendant, and the imposition of a term of custody that may be set to commence prior to January 20, 2025, the earliest day upon which a pardon or sentence commutation might be issued.

The ***unique*** circumstances now before this Court – a President-elect having pledged to reverse the decision-making of the predecessor administration after having made the issue a part of his campaign promises – and the <u>Department of Justice now making a representation on the record in another case</u> that the election outcome is a change in circumstances warranting a delay, justifies Defendant Pepe making this motion. This change in circumstances also compels this Court to grant this motion just as the District Judge in *United States v. Trump* granted the motion made by the Department of Justice in that case with little or no delay. To deny this motion, in the face of the Justice Department's official position, would run contrary to the interests of justice and likely subject the defendant to criminal convictions for no purpose other than expediency.

Before the Government makes the claim that the "people" have an interest in the administration of justice as reflected in the Speedy Trial Act, Defendant Pepe would point out that the "people" on behalf of whom the Government purports to speak made themselves heard clearly on November 5, and that should mean something to the Department of Justice without regard to what Administration is now in charge.

Dated: November 11, 2024                Respectfully Submitted,

 

_____
William L. Shipley, Jr., Esq.
PO BOX 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com

*Attorney for Defendant*